# SCHAFKOPF LAW, LLC
ATTORNEYS AT LAW

October 22, 2019

U.S. District Court, ED of PA
Office of the Clerk of Court
U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106

**Re: Goodwin v Pennsylvania Department of Transportation et al**

To Whom It May Concern:

    Enclosed please find one (1) original and one (1) copy of Plaintiff's Civil Action Complaint, along with a CD containing a pdf version of same and a check in the amount of $400.00, in regards to the above captioned matter.

    Kindly file the original Complaint and return a time-stamped copy to the undersigned along with the Civil Action Summonses.

Sincerely,

*Gary Schafkopf*

Gary Schafkopf, Esq.

JS 44 (Rev. 02/19)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Alexander Goodwin

**DEFENDANTS**
Pennsylvania Department of Transportation, PennDOT Engineering District 8, Bob Coldren, Daniel Bowers, and Diana Weaver

**(b)** County of Residence of First Listed Plaintiff: Lancaster PA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Schafkopf Law, 11 Bala Ave Bala Cynwyd PA 19004; 610-664-5200
Weisberg Law, 7 S. Morton Ave, Morton PA 19070; 610-690-0801
Mildenberg Law, 1735 Market St, Phila PA 19103; 215-545-4870

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  |  | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 196 Franchise |  | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence |  |  | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  | **IMMIGRATION** |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | ☐ 462 Naturalization Application |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 465 Other Immigration Actions |  |  |
|  | ☐ 448 Education / ☐ 540 Mandamus & Other |  |  |  |
|  | / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |
|  | / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 USC 1981 and 1983

Brief description of cause:
Plaintiff has been subjected to discrimination, harassment and a hostile work environment because of his race

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $**
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 10/22/2019
SIGNATURE OF ATTORNEY OF RECORD: *[signature] Gary Schafkopf*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: _563 South Christian St, Lancaster PA 17602_

Address of Defendant: _400 North Street, Fifth Floor, Harrisburg PA 17120_

Place of Accident, Incident or Transaction: _PennDOT Engineering District 8_

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? Yes ☐ No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? Yes ☐ No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? Yes ☐ No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: _10/22/2019_  _[signature]_  _83362_
 *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A.** *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    *(Please specify):* _____

**B.** *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify):* _____
7. ☐ Products Liability
8. ☐ Products Liability – Asbestos
9. ☐ All other Diversity Cases
    *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _Gary Schafkopf, Esq_, counsel of record *or* pro se plaintiff, do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☑ Relief other than monetary damages is sought.

DATE: _10/22/2019_  _[signature]_  _83362_
 *Attorney-at-Law / Pro Se Plaintiff*  *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

*Civ. 609 (5/2018)*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| Alexander Goodwin | : | CIVIL ACTION |
| v. | : | |
| Pennsylvania Department of Transportation, et al | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (X)

| | | |
|---|---|---|
| 10-22-19 | Gary Schafkopf, Esq | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 610-664-5200 | 888-283-1334 | gary@schaflaw.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MILDENBERG LAW FIRM
Brian R. Mildenberg, Attorney ID No. 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103
brian@mildenberglaw.com
215-545-4870
Fax: 215-545-4871
**Attorney for Plaintiff**
*Additional Counsel Listed on signature page*

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ALEXANDER GODWIN**<br>563 South Christian St.<br>Lancaster, PA 17602<br><br>**Plaintiff**<br>v.<br><br>**PENNSYLVANIA DEPARTMENT OF TRANSPORTATION**<br>400 North St., Fifth Floor<br>Harrisburg, PA 17120<br><br>**And**<br><br>**PennDOT ENGINEERING DISTRICT 8**<br>2140 Herr Street<br>Harrisburg PA 17103-1699<br><br>**And**<br><br>**BOB COLDREN**<br>individually & in his official capacity as an employee for PennDOT<br>2140 Herr Street<br>Harrisburg PA 17103-1699<br><br>**And**<br><br>**DANIEL BOWERS**<br>individually & in his official capacity as an employee for PennDOT<br>2140 Herr Street<br>Harrisburg PA 17103-16 | Civil Action No.<br><br>JURY TRIAL OF TWELVE (12) JURORS DEMANDED |

|  |  |
|---|---|
| And | : |
|  | : |
| **DIANA WEAVER** | : |
| individually & in his official capacity as an | : |
| employee for PennDOT | : |
| 2140 Herr Street | : |
| Harrisburg PA 17103-16 | : |
|  | : |
| **Defendants** | : |

## PARTIES

1. Plaintiff, Alexander Godwin, is an adult individual, residing at the above captioned address. At all times material Plaintiff was employed by the Defendant, PennDOT as a Transportation Equipment Operator A. Plaintiff has worked for Defendant since November 10, 2014 to the present.

2. Defendant, PennDOT, is agency of the Commonwealth of Pennsylvania that oversees programs and policies affecting highways, urban and rural public transportation, airports, railroads, ports, and waterways.

3. Defendant, PennDOT Engineering District 8, is the local PennDOT Agency for Lancaster County Pennsylvania.

4. Defendant, Bob Coldren, is an adult individual and employee of PennDOT Engineering District 8 doing business at the above captioned address.

5. Defendant, Daniel Bowers, is an adult individual and employee of PennDOT Engineering District 8 doing business at the above captioned address.

6. Defendant, Diana Weaver, is an adult individual and employee of PennDOT Engineering District 8 doing business at the above captioned address.

## JURISDICTION AND VENUE

7. The above paragraphs are hereby incorporated herein by reference.

8. Jurisdiction over the matter is conferred upon the Court by 28 USC § 1331, as the cause of action arises under federal law (to wit; 42 U.S.C. § 1981 & 1983).

9. Venue is proper in this district as the facts and transactions involved in the discrimination complained of herein occurred in large part in Lancaster, Pennsylvania.

10. Plaintiff has filed a charge of discrimination with the EEOC and obtained a Right to Sue Letter. (Exh. A).

## STATEMENT OF FACTS

11. Defendant, in a number of unlawful, and discriminatory acts, created a discriminatory and hostile work environment for Plaintiff.

12. Plaintiff has been employed by Defendant PennDot since November 10, 2014.

13. Beginning in 2014, Plaintiff suffered multiple incidents of discrimination due to his ethnicity/race. Plaintiff is the only black employee in the Lancaster County division of PennDOT, which has over 100 employees.

14. While Plaintiff was working one morning Caldren, called Plaintiff a "token" Caldren stated that Plaintiff was only hired because he was black and that a quota needed to be filled.

15. Plaintiff was highly offended, upset, and hurt by what was said but did not pursue further actions as he did not believe anything would have been done.

16. On another occasion, Plaintiff was present when Joe Sellars said that a modified truck, which had a side step on it, was "nigger rigged."

17. Plaintiff was shocked by the use of racial slurs, especially since he is the only black male in his workforce. He told his coworker that the term was derogatory and should not be used.

18. On September 21, 2018, Plaintiff was in a crew cab Bowers and another co-worker, Fred Marten, when Bowers commented that a "nigger is beating up on a poor little white girl" while watching a video on his phone.

19. Plaintiff was stunned by the casual use of the word and that his coworkers would so willingly use the term in front of him. He was too upset to continue working and had to leave early that day.

20. On September 24, 2018, Plaintiff had been assigned to equipment transport for shoulder cutting. He was standing at the location when he heard Diane Weaver and Joe Gura were talking. Diane Weaver, who is also the Union President told Gura that her daughter's boyfriend was a "Mutt." Weaver referred to the boyfriend as a mutt because he was mixed-race.

21. Plaintiff did not participate in the conversation and tried to ignore them until Weaver approached him to ask him what a "spaghetti nigger" was.

22. Plaintiff was appalled that the union president would ask him such a question and was very uncomfortable in her presence.

23. Plaintiff was in disbelief at the disrespectfulness and insensitivity shown by the Weaver (when she asked him to define the racial slur), she justified her actions by saying "you guys call each other the nigger word."

24. Plaintiff was highly offended and disturbed by the whole ordeal. Plaintiff was told by his coworkers that Weaver had use the word on other occasions.

25. Plaintiff talked to some of his co-workers on September 25, 2018 about the use of derogatory terms around him, and they agreed that the terms were highly offensive and were stunned by the use of the term in Plaintiff's presence.

26. On September 26, 2018, Plaintiff brought up the offenses and discrimination to management and other employees about the hostile work environment and the continued use of derogatory and racial slurs in his presence. He then asked that the offenders, Caldren, Bowers, and Weaver to write him a formal apology.

27. Caldren claimed that he did not remember the "token" incident even though Plaintiff has a witness who overheard him. Plaintiff did not receive an apology from him.

28. Plaintiff received a handwritten apology letter from Weaver shortly after the meeting, admitting to having used the racial slur but saying that she "thought they were friends."

29. The next day, Plaintiff was told that Weaver stated to others that she now felt uncomfortable and unsafe working with Plaintiff and accused him of using racial slurs against her, which Plaintiff denies doing. He is shocked that she would turn the situation around and accuse him.

30. Upon information and belief, Defendants refuses to take further steps to provide a positive work environment for Plaintiff and people of color.

31. Even though complaints have been made in the past, Defendant has not addressed the discrimination and racism, nor has it provided workshops or training for employees on the topic.

32. Plaintiff felt ostracized and discriminated against as the only African American worker at Lancaster County PennDOT and has started to seek other employment opportunities.

33. Plaintiff had a great interview within the City of Lancaster but was told by the interviewer that he was given a bad reference from his job.

34. Plaintiff has no complaints or warnings against him in the years that he has worked at PennDOT.

35. Upon information and belief, Defendant retaliated against Plaintiff for bringing up his complaints about the racial discrimination by giving him an unwarranted bad reference.

36. Plaintiff feels helpless and hopeless employed with Defendant due to the hostile work environment.

37. Plaintiff cannot sleep and is fearful for retaliation because he brought up his complaint to his majority white coworkers.

38. The actions of Defendant have caused Plaintiff to suffer fear, distress, upset, financial loss and have negatively impacted his reputation with potential employers.

39. Plaintiff is currently on leave as a result of a work-related injury; however, Plaintiff does not plan to return to work for Defendant due to the aforesaid hostile work environment and retaliation.

## STATEMENT OF CLAIMS

### COUNT I
### CIVIL RIGHTS VIOLATION 42 U.S.C. § 1981 & 1983 -
### HARASSMENT, DISCRIMINATION AND HOSTILE WORK ENVIRONMENT ON THE BASIS OF ETHNICITY AND RACE

40. The above paragraphs are incorporated herein by reference.

41. As a result of Defendant's actions as aforesaid, Defendant has denied Plaintiff the right to the same terms, conditions, privileges and benefits of his employment agreement with PennDOT, in violation of 42 U.S.C. § 1981.

42. Such violations of 42 U.S.C. § 1981 is actionable against Defendant, a government entity, pursuant to 42 U.S.C. § 1983.

43. Defendant has caused Plaintiff to suffer humiliation and embarrassment, emotional distress, and to sustain damages for which recovery of compensatory damages may be had pursuant to 42 U.S.C. § 1983.

44. Said hostile environment and discrimination against Plaintiff was pervasive and severe.

45. Said hostile environment and discrimination against Plaintiff has affected Plaintiff to his detriment.

46. Said hostile environment, discrimination and harassment would detrimentally affect a reasonable person under similar circumstances.

47. Said discrimination and harassment has caused a hostile work environment.

48. Plaintiff has suffered a constructive termination as a result of the aforesaid hostile work environment and retaliation.

49. Said violations were done intentionally and/or knowingly with malice or reckless indifference and warrant the imposition of punitive damages.

50. As a direct and proximate result of Defendant's violation of 42 U.S.C. § 1983, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

51. Plaintiff is suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

52. The wrongful acts and conduct of Defendant were done with deliberate indifference to the statutory and constitutional rights of Plaintiff.

## COUNT II
## VIOLATION OF TITLE VII

53. The above paragraphs are hereby incorporated herein by reference.

54. By committing the foregoing acts of discrimination against Plaintiff, Defendant has violated Title VII.

55. Plaintiff has suffered a constructive termination as a result of the aforesaid hostile work environment and retaliation.

56. Said violations were done with malice and/or reckless indifference and warrant the imposition of punitive damages.

57. As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorney's fees and costs.

58. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

## COUNT III
## 42 U.S.C. Sec. 1985
## CIVIL RIGHTS CONSPIRACY

59. The above paragraphs are incorporated herein by reference.

60. The foregoing conduct of Defendant violates Plaintiff's rights pursuant to 42 U.S.C. Sec. 1985, which proscribes any agreement or conspiracy to violate Plaintiff's federally protected civil rights, including those rights under 42 U.S.C. Sec. 1981 and 1983.

**WHEREFORE,** Plaintiff demands judgment in his favor and against Defendant in an amount in excess of $75,000.00, together with interest, costs, punitive damages, attorney's fees and such other and further relief as this Honorable Court deems just, including equitable injunctive relief.

## JURY DEMAND

Plaintiffs hereby demand a jury trial as to all issues so triable herein.

[remainder of page intentionally left blank.]

                                                      Respectfully Submitted,

BY: */s/ Matthew Weisberg*  
MATTHEW B. WEISBERG, ESQ  
Attorney ID No. 85570  
DAVID A. BERLIN, ESQ.  
WEISBERG LAW  
Attorney ID No. 314400  
7 South Morton Ave. 19070  
Morton, PA  
610-690-0801  
Fax: 610-690-0880  
**Attorneys for Plaintiff**

BY: *[signature: Gary Schafkopf]*  
GARY SCHAFKOPF, ESQ  
SCHAFKOPF LAW, LLC  
Attorney ID No. 83362  
11 Bala Ave  
Bala Cynwyd, PA 19004  
610-664-5200 Ext 104  
Fax: 888-238-1334  
**Attorney for Plaintiff**

DATED:  10-22-19

DATED: 10-22-19

BY: */s/ Brian R Mildenberg*  
BRIAN R. MILDENBERG, ESQ  
MILDENBERG LAW FIRM  
Attorney ID No. 84861  
1735 Market Street, Ste. 3750  
Philadelphia, PA 19103  
215-545-4870  
Fax: 215-545-4871

DATED: 10-22-19

# EXHIBIT A

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To: Alexander A. Yorkshire
943 South Christian Street
Lancaster, PA 17602

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

[ ] On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-03308 | Legal Unit, Legal Technician | (215) 440-2816 |

(See also the additional information enclosed with this form.)

**NOTICE TO THE PERSON AGGRIEVED:**

Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA): This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, the paragraph marked below applies to your case:

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Jamie R. Williamson,
District Director

9/03/19

Enclosures(s)

cc: Christopher Harris
Human Resources Manager
PENNSYLVANIA DEPARTMENT OF TRANSPORTATION
400 North Street
5th Floor
Harrisburg, PA 17120

Lisa Claire, Esq.
DILDENBERG LAW FIRM
1735 Market Street, Ste. 3750
Philadelphia, PA 19103